## MINNESOTA IRON COMPANY *v.* KLINE.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 96.   Argued December 5, 1905.—Decided December 18, 1905.

If a state statute as interpreted by the highest court of the State is not violative of the Federal Constitution this court will accept the construction of the state court.

The statute of Minnesota, G. S., 1894, § 2701, providing that the liability of railroad companies for damages to employés shall not be diminished by reason of the accident occurring through the negligence of fellow servants, and excepting from its provisions damages sustained by employés engaged in construction of new and unopened railroads, does not, as interpreted by the highest court of that State, discriminate against any class of railroads or deny to such class the equal protection of the laws; the exception merely marks the time when the statute takes effect.

There is no objection under the Fourteenth Amendment to legislation confined to a peculiar and well-defined class of perils, and it is not necessary that they are shared by the public if they concern the body of citizens engaged in a particular work.

Freedom of contract may be limited by a state statute where there are visible reasons of public policy for the limitation.

The facts are stated in the opinion.

*Mr. Frank B. Kellogg,* with whom *Mr. W. W. Billson* and *Mr. Joseph B. Cotton* were on the brief, for plaintiff in error:

The statute as construed by the Supreme Court of the State, denies to plaintiff in error the equal protection of the laws.

The sole circumstance relied upon to bring the defendant, a private mining company, under the operation of the statute, is that it used steam power trains in moving earth from cut to fill.

As construed by the state court, the function of the proviso in the statute is to exempt certain railroad employers from the operation of the act, on the ground of the newness of their roads.

As to the irrationality of the distinction between new and old

roads see *Schneider* v. *Chicago, Burlington & Northern Ry. Co.*, 42 Minnesota, 68, 72.

An invidious distinction *in favor* of a single class, is as obnoxious to the equality clause as a similar discrimination *against* a particular class. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 554.

Nor is it necessary that the character of the discrimination or the attendant circumstances should justify an inference of malice, ill-will or corrupt favoritism on the part of the legislature. It is enough that no rational basis for the discrimination can be discerned. *Smyth* v. *Ames*, 169 U. S. 466; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 79, 112; *Gulf, Colorado &c. Co.* v. *Ellis*, 165 U. S. 150, 165.

Cases sustaining the right to subject certain distinct classes to special legislative restrictions, where the law operates uniformly on all parties brought under its influence, do not detract from the elementary rule that legal discriminations cannot be based upon diversities of conditions not logically and reasonably related to them. Cases *supra* and *Magoun* v. *Ill. Trust Co.*, 170 U. S. 283; *A., T. & S. F. Ry. Co.* v. *Matthews*, 174 U. S. 96; *L. S. & Mich. South. Ry. Co.* v. *Smith*, 173 U. S. 684; *Barbier* v. *Connolly*, 113 U. S. 27, 31.

For decisions of the Supreme Court of the State of Minnesota, upon this and other fellow servant statutes, see *Herrick* v. *M. & St. Louis R. Co.*, 31 Minnesota, 12; S. C. 127 U. S. 211, involving the construction of a statute of Iowa. *Mo. Pac. Ry.* v. *Mackey*, 127 U. S. 206; *Lavellee* v. *St. P. M. & M. Ry. Co.*, 40 Minnesota, 250; *Johnson* v. *St. P. & Duluth Ry. Co.*, 43 Minnesota, 222; *Pearson* v. *Chicago, M. & St. P. R. R. Co.*, 47 Minnesota, 9; *Holtz* v. *Great Northern R. Co.*, 69 Minnesota, 524; *Funk* v. *St. Paul City Ry. Co.*, 61 Minnesota, 435; *Schus* v. *Powers-Simpson Co.*, 85 Minnesota, 448, can be distinguished from this case.

In no case in this court has such a classification as this been sustained, and, if the legislature may make this classification, there is no limit to its power. It may make a railroad liable

for the negligence of its employés in grading the railroad, and at the same time may exempt a contractor in grading a street. This statute cannot, therefore, be brought within any of the rules laid down by this court. *Tullis* v. *Lake Erie & Western R. Co.,* 175 U. S. 348; *Chicago, Kansas & W. R. Co.* v. *Pontius,* 157 U. S. 209.

In cases brought here from a state court, the construction placed by the state court upon the laws of the State, whether common or statutory, are reviewable here so far as necessary to determine whether the party bringing up the case has been denied by the state court any right or immunity secured to him by the Constitution of the United States. *Gibson* v. *Mississippi,* 162 U. S. 565, 591; *Atch., Top. & S. F. Ry.* v. *Mathews,* 174 U. S. 100; *Yick Wo* v. *Hopkins,* 118 U. S. 356, 366; *Chicago &c. Ry. Co.* v. *Chicago,* 166 U. S. 226; *Scott* v. *McNeal,* 154 U. S. 34, 44.

*Mr. Samuel A. Anderson* and *Mr. George M. Nelson* for defendant in error:

Chapter 13, General Laws Minnesota, 1887, construed as applicable to plaintiff in error, is constitutional and not repugnant to the Fourteenth Amendment denying to the plaintiff in error the equal protection of the laws.

"The national courts uniformly follow the construction of the constitution and statutes of a State given by its highest judicial tribunal in all cases which involve no question of general or commercial law, and no question of right under the Constitution and laws of the Nation." *Kibbe* v. *Iron Mining Co.,* 136 Fed. Rep. 147; *Bolles* v. *Brimfield,* 120 U. S. 759, 763; *Detroit* v. *Osborne,* 135 U. S. 492, 499; *Gut* v. *The State,* 9 Wall. 35, 37; *Fairfield* v. *Gallatin County,* 100 U. S. 47; *Bank of Hamilton* v. *Dudley's Lessee,* 2 Pet. 492; *Union National Bank* v. *Kansas City,* 136 U. S. 223, 235.

The Supreme Court of Minnesota having so construed this statute as to make it applicable to the plaintiff in error, and having held it to be constitutional under the state constitution,

the judgment of that court must stand, unless the statute, so construed, is in violation of the·Fourteenth Amendment, as denying to the plaintiff in error the equal protection of the laws.

The proviso contained in the statute ·does not in any way vitiate the statute or render·it unconstitutional as claimed by counsel for plaintiff in error.

Statutes passed by the state legislatures in exercise of the police power, are not necessarily designed for the protection or welfare of the public generally, as distinguished from those of· a particular class of employés exposed to peculiar hazards. *Mo. Pac. Ry. Co.* v. *Mackey,* 127 U. S. 205; *Minn. & St. Louis Ry. Co.* v. *Herrick,* 127 U. S. 210; *Holden* v. *Hardy,* 169 U. S. 366; *St. Louis Consolidated Coal Co.* v. *Illinois,* 185 U. S. 203.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for the loss of an arm by the plaintiff, the defendant in error, while repairing an engine of the defendant, through the negligence of a fellow servant. A statute of Minnesota reads as follows: "Every railroad corporation owning or operating a railroad in this State shall be liable for all damages sustained by any agent or servant thereof by reason of the negligence of any other agent or servant thereof, without contributory negligence on his part, when sustained within this State, and no contract, rule, or regulation between such corporation and any agent or servant shall impair or diminish such liability; *provided,* that nothing in this act shall be so construed as to render any railroad company liable for damages sustained by any employé, agent, or servant, while engaged in the construction of a new road, or any part thereof, not open to public travel or use." Minn. G. S. 1894, § 2701. The track on which the accident happened was a narrow· gauge track, on which dump cars were run by the defendant, a mining company, for the purpose of stripping the earth from the surface of its mine. The plaintiff had a verdict which afterwards was set aside by the trial court on the ground that if the statute were

construed to apply to this case it would be contrary to the Fourteenth Amendment of the Constitution of the United States. This ruling was reversed by the Supreme Court of the State and judgment was entered on the verdict. 93 Minnesota 63. The case was then brought here.

The Supreme Court of Minnesota construed the act to apply to this case and held it constitutional when so construed. Of course, if the statute as interpreted is not within the prohibitions of the Fourteenth Amendment we do not interfere with the construction adopted by the state court. The state court held that the act was confined to the dangers peculiar to railroads and did not discriminate against railroad companies merely as such. It read the proviso as only exempting incomplete roads, marking the time when the statute should take effect, and not as confining it to roads intended for public travel. Before us it was argued that when the statute was passed there were no private railroads in the State, and that, if the proviso is taken to mean what the court said, the discrimination is senseless and unjustified, whereas if it be taken to confine the statute to public roads after public travel has begun, the distinction may be maintained. We are of a different opinion. Some time must be fixed when the law shall begin to operate and the time when the road is finished is a natural and proper time. There may be unavoidable and exceptional dangers before the track is finished and while cars are being run over it for construction purposes, and the legislature might think it proper that the servant should take the risk of these even if the negligence of a fellow servant coöperated, just as he takes the risk of the known peculiar dangers when he sets about repairing the effects of an accident. The fact that there may be also dangers like those on the finished road does not prevent the legislature from considering the situation as a whole and keeping the old rule on practical grounds until the exceptional risks come to an end. It was assumed in argument that the statute would not apply to a road like the present if it were built in aid of the construction of a public railroad which was not yet

.        OCTOBER TERM, 1905.

Opinion of the Court.                    199 U. S.

completed. We see nothing in the decision or the statute to warrant the assumption, and therefore need not discuss what the effect of such an exception would be. Of course there is no objection to legislation being confined to a peculiar and well-defined class of perils, and it is not necessary that they should be perils which are shared by the public, if they concern the body of citizens engaged in a particular work. *Holden* v. *Hardy*, 169 U. S. 366.

It was not argued that the statute was bad as interfering unduly with freedom of contract. There is no doubt that that freedom may be limited where there are visible reasons of public policy for the limitation. *Holden* v. *Hardy*, 169 U. S. 366, 391. The constitutionality of the law, so far as it merely does away with the exception as to the negligence of fellow servants from the general law of master and servant in the case of railroads, is not disputed. *Missouri Pacific Railway Co.* v. *Mackey*, 127 U. S. 205. The whole case is put on the proviso, and the argument with regard to that is merely one of the many attempts to impart an overmathematical nicety to the prohibitions of the Fourteenth Amendment.

*Judgment affirmed.*