# ALUMINUM COMPANY OF AMERICA *v.* RAMSEY.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 56.   Submitted November 8, 1911.—Decided December 11, 1911.

Although a statute increasing the liability of corporations may, as to corporations of the State, be an exercise of the reserved power to alter, amend and repeal, the application of that principle as to foreign corporations depends on many considerations and involves Federal questions.

Whether or not a classification merely between all corporations and partnerships and individuals offends the equal protection clause, a classification of corporations operating railroads and individuals does not offend that provision of the Constitution.

One within a distinct class which is properly subject to classification cannot question the constitutionality of the classification on the

ground that it is too broad and includes others outside of that class.

Although the state court may have applied the statute to plaintiff in error merely as a corporation, if the record shows that it is a corporation of a kind properly classified by the statute and there is equality within that class, the statute will not be held invalid as repugnant to the equal protection clause of the Constitution.

89 Arkansas, 522, affirmed.

THE facts, which involve the constitutionality, under the Fourteenth Amendment, of the Arkansas Fellow Servant Law, are stated in the opinion.

*Mr. U. M. Rose, Mr. G. B. Rose, Mr. W. E. Hemingway* and *Mr. J. F. Loughborough* for plaintiff in error:

The act of 1907 is unconstitutional because it denies to plaintiff in error the equal protection of the law and deprives it of its property without due process of law.

It imposes obligations upon corporations without regard to the class of business in which they are engaged and in a matter where the classification of corporations is not authorized because of the nature of their entity.

Corporations are persons within the Fourteenth Amendment and are entitled to all of its protections. *Gulf, Colorado & Sante Fe Ry.* v. *Ellis*, 165 U. S. 154; *Santa Clara County* v. *Southern Pacific Ry.*, 118 U. S. 394; *Minneapolis Ry. Co.* v. *Beckwith*, 129 U. S. 29; *Barbier* v. *Connolly*, 113 U. S. 27; *Soon Hing* v. *Crowley*, 113 U. S. 709; *Missouri* v. *Lewis*, 101 U. S. 30; *Hays* v. *Missouri*, 120 U. S. 68; *Duncan* v. *Missouri*, 152 U. S. 377; *Lowe* v. *Kansas*, 163 U. S. 88.

See also the following: *N. Y. &c. Ry.* v. *New York*, 165 U. S. 633; *Cargill Co.* v. *Minnesota*, 180 U. S. 469; *Chicago &c. R. R. Co.* v. *Pontius*, 157 U. S. 211; *Atchison, T. & S. F. Ry.* v. *Matthews*, 174 U. S. 96; *St. L. & S. F. Ry. Co.* v. *Matthews*, 165 U. S. 1; *Field* v. *Barber Asphalt Co.*, 194 U. S. 618; *Southern Ry. Co.* v. *Green*, 216 U. S. 400,

412; *Cotting* v. *Kansas City Stock Yards*, 183 U. S. 112; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540.

*Mr. Henry M. Armistead* and *Mr. T. M. Mehaffy*, with whom *Mr. J. E. Williams* was on the brief, for defendant in error:

The act of the legislature of Arkansas, adopted in 1907, is constitutional under the power reserved in the Arkansas constitution of 1874, to alter or amend corporate charters. *Greenwood* v. *Union Freight R. Co.*, 105 U. S. 13; *St. L., I. M. & S. Ry. Co.* v. *Paul*, 173 U. S. 404; *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322; *Northern Cent. R. Co.* v. *Maryland*, 187 U. S. 258; *N. Y. & N. S. R. Co.* v. *Bristol*, 151 U. S. 567; *Mo. Pac. Ry. Co.* v. *Mackey*, 127 U. S. 205, approved in *Orient Ins. Co.* v. *Daggs*, 172 U. S. 45; *Berea College* v. *Kentucky*, 211 U. S. 45; *Holyoke Water Power Co.* v. *Lyman*, 15 Wall. 500; *Close* v. *Glenwood Cemetery*, 107 U. S. 466; *Sperry & Hutchinson Co.* v. *Rhoades*, 220 U. S. 502; *Knoxville Iron Co.* v. *Harbison*, 183 U. S. 17; *C., B. & Q. R. Co.* v. *McQuire*, 219 U. S. 565; *Shields* v. *Ohio*, 95 U. S. 324; *Gas Light Co.* v. *Hamilton*, 146 U. S. 258.

The adoption of the act is a legitimate exercise of the right of classification of corporations as artificial persons, subject to special rules, independently of the reserved power to amend charters. *Mo. Pac. Ry. Co.* v. *Mackey*, 127 U. S. 205; *Minneapolis Railway* v. *Herrick*, 127 U. S. 211; *Chicago &c. Ry. Co.* v. *Pontius*, 157 U. S. 210; *Tulis* v. *Lake Erie &c. Ry. Co.*, 175 U. S. 351; *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593; *Wilmington Star Mining Co.* v. *Fulton*, 205 U. S. 60; *El Paso &c. Ry. Co.* v. *Guiterrez*, 215 U. S. 87; *L. & N. Ry. Co.* v. *Melton*, 218 U. S. 36; *Railway* v. *Turnipseed*, 219 U. S. 35; *Southwestern Oil Co.* v. *Texas*, 217 U. S. 114; *C., B. & Q. Ry. Co.* v. *McGuire*, 219 U. S. 555; *Standard Oil Co.* v. *Tennessee*, 217 U. S. 413; *Lindsey* v. *Carbonic Gas Co.*, 220 U. S. 61; *Flint* v. *Stone-Tracy Co.*, 220 U. S. 107; *A., T. & S. F. R. Co.* v. *Matthews*,

174 U. S. 104; *M., K. & T. Ry. Co.* v. *May*, 194 U. S. 267.

The hazard incurred by the defendant in error was a risk of railroading as to which the legislature might make a special rule. *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593.

MR. JUSTICE McKENNA delivered the opinion of the court.

The defendant in error brought this action against the plaintiff in error in the Saline Circuit Court of the State of Arkansas to recover for personal injuries alleged to have been received by him while in the employment of the company, which maintained a railroad to its mines, on account of the negligence of a fellow servant.

The action was based upon a statute of the State called by the parties "The Fellow Servant Law." (Acts 1907, Act 69, p. 162.) The statute makes railroad corporations operating within the State and every company, whether incorporated or not, engaged in the mining of coal, "liable to respond in damages for injuries or death sustained" by agents, employés or servants, "resulting from the careless omission of duty or negligence of such employer," or "any other agent, servant or employé of the said employer," in the same manner as though the carelessness, omission of duty or negligence was that of the employer.

The company assailed the constitutionality of the statute by the request for the following instruction, which was refused by the trial court: "You are instructed that the act of the legislature, approved March 8th, 1907, known as 'The Fellow Servant Law,' in providing it shall apply to all corporations but shall not apply to individuals, persons or partnerships, except those engaged in the operation of a railroad or coal mine, denies to this defendant the equal protection of the law, and is in violation of the Fourteenth Amendment to the Constitution of the United States."

There was a verdict for the plaintiff, defendant in error here, upon which judgment was duly entered. It was sustained by the Supreme Court of Arkansas. 89 Arkansas, 522.

The Supreme Court sustained the action of the trial court in refusing the instruction on the authority of *Ozan Lumber Co.* v. *Biddie*, which had been previously decided, and which is reported in 87 Arkansas, 587. This action of the court is assigned as error, and is the Federal question relied on.

A motion is made to dismiss, and, alternately, to affirm, respectively, on the ground that there is no Federal question in the state court's construction of the statute, and that if there be such a question it is foreclosed by repeated decisions of this court. In support of the motion to dismiss it is contended that the state court decided that the act assailed is an amendment to the charter of the corporation under the reserved right to amend, alter or repeal the charter, and of this the corporation cannot complain, the exertion of such right being a condition of its existence.

In *Ozan Lumber Co.* v. *Biddie, supra,* the court decided that "The Fellow Servant Law" was an amendment to the charters of corporations, made under the right reserved in the constitution of the State to repeal, alter or amend such charters. The Ozan Lumber Company, however, was a domestic corporation, and whether the principle of the decision would be applicable to foreign corporations, as plaintiff in error in the case at bar is, being a Pennsylvania corporation, depends on many considerations, and involves questions not local; so we pass to the consideration of the merits.

On the merits the case is in a very narrow compass and does not demand much discussion, though plaintiff in error earnestly presses the contention that the statute is discriminatory in that it applies to all corporations, but does not apply to individuals or partnerships. Whether

that exact distinction, that is, the distinction merely between corporations and partnerships and individuals, is competent for a legislature to make, under its power of classifying objects, we are not called upon to decide. The distinction made by the statute is broader. The distinction (among others) it makes is between railroads operating in the State and individuals, and such distinction has been maintained by this court as not offending the Constitution of the United States. *Tullis* v. *Lake Erie & Western R. R. Co.*, 175 U. S. 348; *Minnesota Iron Co.* v. *Kline*, 199 U. S. 593. See also *Employers' Liability Cases*, 207 U. S. 463, 504, and *El Paso &c. Ry. Co.* v. *Gutierrez*, 215 U. S. 87.

What grievance plaintiff in error might have if it were not operating a railroad we are not called upon to consider, because it is limited in its complaint to the effect of the statute on it and cannot appropriate the grievance that corporations engaged in mining, but not operating railroads, may have on account of the distinction made between them and individuals.

It is true that the Supreme Court of the State, following *Ozan Lumber Co.* v. *Biddie, supra,* decided the law was a regulation of corporations, and applied it to the plaintiff in error because it was a corporation, not distinguishing it as one operating a railroad. It, however, may be so distinguished under the statute. That is, the statute constitutes a class of corporations operating railroads, and under the cases we have cited the classification is valid, there being equality within the class. In other words, not only the plaintiff in error, but all other corporations operating railroads are covered by the statute.

We think, therefore, that the statute of Arkansas is not repugnant to the Fourteenth Amendment, and the judgment is

*Affirmed.*