## Arkansas Power & Light Company *v.* Shryock.

Opinion delivered December 23, 1929.

*Robinson, House & Moses, T. D. Wynne, Lee & Moore* and *Bogle & Sharp,* for appellant.

*S. S. Jefferies,* for appellee.

Humphreys, J. This is an appeal from a judgment in the sum of $10,000 rendered in the circuit court of Monroe County in a suit by appellees against appellant for the alleged negligent killing of Corrie G. Shryock, wife of Charles F. Shryock, and mother of the other appellees, by electricity which escaped from one of appellant's electric light wires.

Appellant seeks a reversal of the judgment upon the grounds: (1) that there is no substantial evidence in the record tending to show negligence on its part resulting in the death of appellee's decedent; and (2) that the

undisputed evidence shows that her death was the result of her contributory negligence.

(1). The record reflects that the service wire leading from its main wire along the street into the house occupied by appellees and their decedent was insulated with the exception of one and one-half to three inches at the joint under the eaves of the house, and that an outside radio wire, foreign to appellant's wires, was attached to a paling on the front fence and to a pole in the back yard; that, as originally constructed for radio purposes, it was over the comb of the roof and above appellant's service wire which entered the house; that Mrs. Corrie G. Shryock was found suffering from an electric shock, which resulted in her death in a few moments, some forty or fifty feet away from the front fence, with the end of the wire which had been attached to the paling in her left hand, and with the wire coiled about her hand and elbow several times; that the radio wire was lying upon and across the uninsulated part of the service wire at the time she was discovered.

The record reflects a dispute in the testimony as to whether the deceased, in coiling the radio wire around her arm, pulled it off the roof of the house or off the insulated part of the service wire onto the uninsulated part thereof and received the electric shock which injured and killed her. The testimony introduced by appellant tended to show that the deceased pulled the radio wire off the roof onto the uninsulated portion of its service wire. There is substantial testimony in the record, however, tending to show that the radio wire had been lying upon and across the insulated portion of the appellant's service wire for perhaps a month or more, of which condition appellant had notice. Mrs. Saul, mother of deceased, who had lived in the house with appellee for over a month, testified that she was in the habit of taking the baby out in the yard every day and rolling her around in the buggy, and that in doing so she passed under the radio wire every afternoon, and noticed that it was lying

upon and across appellant's service wire, and was touching it. Two witnesses testified that Lloyd Lawrence, manager of appellant, came to appellee's home on the afternoon that deceased received the shock from which she died, and in talking about the occurrence said: "I noticed this wire across our wires several times. I knew it ought to have been taken down, but I heard no howl about it, and left it."

Viewing the testimony in its most favorable light to appellees, it warranted the jury in finding that a foreign wire (the radio wire) had been lying upon and across an insulated service wire at a point near an un-insulated portion thereof, with the knowledge of appellant, and with the further knowledge that the radio wire ought to have been taken down, but that it had not been removed because no howl had been made about it.

This court ruled in the cases of *Pine Bluff Co.* v. *Bobbitt*, 168 Ark. 1019, 273 S. W. 1, and 174 Ark. 44, 294 S. W. 1002, that a duty rested upon an electrical company to discover within reasonable time and remove a foreign wire in contact with its own, which might injure or imperil the life or property of another, who was not himself guilty of contributory negligence. Applying this rule to the facts, viewed in their most favorable light to appellees, appellant was guilty of negligence in not moving the radio wire off its own service wire after discovering the existing condition.

This brings us to a consideration of the question of whether, as a matter of law, the deceased was guilty of contributory negligence in taking hold of the radio wire and attempting to roll or coil it up. The rule or test by which to determine whether one who receives an injury was guilty of contributory negligence as a matter of law, is to ascertain from the undisputed facts whether all reasonable minds would reach the conclusion that, under all the circumstances, he acted as an ordinarily prudent person would have done. *Coca Cola Bottling Co.* v. *Shipp*, 174 Ark. 130, 297 S. W. 856. As long as

the radio wire rested upon the insulated service wire, no injury would or could result to any one taking up the radio wire. This is necessarily so, else the paling would have burned to which the wire had been tied. This is proof conclusive that, in order to injure either person or property, the two wires would have had to come in contact at a point where neither was insulated. There is nothing in the record showing that the deceased knew that the service wire was uninsulated at the joint where it entered the house. The reasonable inference would be that the whole service wire was insulated, as its whole length was insulated except the space of an inch and a half, or thereabout, at the joint where it entered the house. This joint was sixteen or seventeen feet above the ground, and under the eaves of the house. No duty of inspection rested upon the deceased to ascertain the condition existing there, and the lack of insulation at that particular point was not so patent and obvious that one would necessarily observe it without making an inspection. We do not think the condition existing constituted a sufficient warning of peril to find as a matter of law that the deceased was guilty of contributory negligence. The facts in the case clearly warranted the submission of that issue to the jury for determination. This court ruled in the case of *Beal-Doyle Dry Goods Co.* v. *Carr,* 85 Ark. 479, 108 S. W. 1053, 14 Ann. Cas. 48, that one who walked through an open door into what he thought was an elevator, was not guilty of contributory negligence for failure to observe that an elevator was not there, but said that the facts in the case warranted the submission of that issue to the jury. In passing upon that point the court used the following language: "There is strong reason for finding that appellee was guilty of negligence in walking into the open elevator shaft, if it was open as he claims; but we cannot say, as a matter of law, that he was negligent. That was a question for the jury."

No error appearing, the judgment is affirmed.