## CENTRAL OF GEORGIA RY. CO. v. WATKINS.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1930.

Rehearing Denied March 7, 1930.

No. 5626.

B. G. Farmer and A. K. Merrill, both of Dothan, Ala. (Farmer, Merrill & Farmer, of Dothan, Ala., on the brief), for appellant.

T. M. Espy, of Dothan, Ala. (J. M. Loflin, of Enterprise, Ala., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. Appellee recovered damages for personal injuries sustained by him in a collision between an automobile in which he was riding and a passenger train of the appellant railroad company.

The declaration alleged that appellant was negligent in failing to give warning by bell or whistle as the train approached the crossing. The defense was based on pleas of not guilty and contributory negligence.

The collision occurred in a small town at a grade crossing, where the highway, extending north and south, and the railroad, extending east and west, intersect. Appellee was riding in the front seat of the automobile, on the right side, by invitation of its owner, who was driving it. The automobile approached the crossing from the north, and passed in front of an engine which was standing with steam up on the side track east of the highway, and about 60 feet north of the main line of the railroad company. After the automobile crossed the side track and got within about 30 feet of the main line, the view to the west was unobstructed, and at this point appellee saw the passenger train approaching from that direction. He called to the driver to "look out," but the latter first looked to his left toward the engine, which was standing still on the side track, and apparently did not see the passenger train in time to avoid the collision. The automobile was proceeding at a slow rate of speed, and, according to some of the testimony, could have been stopped within a distance of 3 or 4 feet. According to witnesses for appellee, the inference could be fairly drawn that the bell was not rung or the whistle blown until just at the moment of the collision, though this was disputed by witnesses for appellant.

Error is assigned on the refusal of the court at the close of the evidence to direct a verdict for appellant.

■ Whether proper warning was given of the approach of the train was a question for the jury; and, in our opinion, it was likewise a question for the jury whether appellee was guilty of contributory negligence. Contributory negligence of the owner and driver of the automobile, if it be assumed, cannot be imputed to appellee, who was riding in the car as a guest, or by invitation. Ordinarily, it is not the duty of one riding in an automobile by invitation to direct the movements of the driver, unless the former has knowledge of some danger that is not obvious or is unknown to the latter; but, even under such circumstances, the guest must exercise reasonable care for his own protection. Shearman & Redfield on Negligence, § 66; 20 R. C. L. 163; Huddy on Automobiles, §§ 820, 823; Wicker v. Scott (C. C. A.) 29 F.(2d) 807. It is suggested that it was appellee's duty to jump out of the automobile in time to avoid the collision; but the jury could well find that the time was too short for that, after it became apparent that a collision was inevitable.

■ Error is assigned on the refusal of the trial court to give certain requested special instructions in its charge to the jury. But they were fully covered by the court's general charge.

Error is not made to appear by any of the assignments, and the judgment is affirmed.