## KIRCH v. ATLANTIC COAST LINE R. CO.
### No. 5647.

Circuit Court of Appeals, Fifth Circuit.
March 5, 1930.

Frank Clark, Jr., and Dunbar H. Johnson, Jr., both of Miami, Fla., for appellant.

W. McL. Christie, of Ft. Myers, Fla. (Doggett, Christie & Doggett, of Jacksonville, Fla., and Henderson & Franklin, of Ft. Myers, Fla., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

BRYAN, Circuit Judge.

This is an action by appellant to recover damages for the death of her husband, Charles J. Kirch, who was killed as a result of an automobile in which he was riding being struck by a train of the appellee railroad company at a public grade crossing in Hillsborough county, Fla.

The declaration alleges that Kirch was a guest of the driver of the automobile, and that the railroad company was negligent, in that its train was being run "at a great and unlawful rate of speed without giving any warning of the approach of same by ringing a bell or blowing a whistle." The case went to trial upon the plea of not guilty, which under the Florida practice put in issue the wrong and injury complained of.

There was evidence for appellant to the effect that Kirch was riding on the rear seat of the automobile by invitation of the driver; that the driver stopped the automobile within a few feet of the railroad crossing before reaching it, and then was proceeding over it at a rate of speed not in excess of six or eight miles per hour; that the automobile was struck by the train as it was about to clear the crossing with sufficient force to turn it in the opposite direction and to throw one of the occupants a distance of twenty-five feet; and that the train, which consisted of an engine and five coaches, was brought to a stop just as the rear coach cleared the public road. The driver and another witness, who was riding with him on the front seat, testified that they did not hear the bell or the whistle. Appellee did not offer any evidence, but the trial court granted its motion for a directed verdict on the ground that appellant had failed to sustain the burden of proof in that she had submitted no evidence in support of the allegation of her declaration that the speed of the train was excessive.

The negligence complained of, as we construe the declaration, which could well have

been more definite, was the failure of appellee to give warning of the approach of its train by ringing the bell or sounding the whistle. It is not alleged that the speed of the train would have been excessive if proper warning by bell or whistle had been given.

Compiled General Laws of Florida provide:

"7051. A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

"7052. No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence."

■ Under the first of these sections, upon proof by appellant of the injury and damage complained of, a presumption arose that appellee was guilty of the acts of negligence charged against it. Under the other section, she could not recover if evidence submitted by her disclosed that the death of her husband was caused by his own negligence. If it be assumed that the driver of the automobile was negligent, under the doctrine of the Goodman Case, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, it does not follow that appellant's husband was also negligent. The negligence of the driver of an automobile cannot be imputed to one who was accompanying him as a guest or by invitation. Central of Ga. Ry. Co. v. Watkins (C. C. A.) 37 F.(2d) 710.

■ We are of opinion that appellant's husband was not shown to be guilty of negligence as a matter of law. There was sufficient evidence for the jury to reach the conclusion that Kirch acted as a reasonably prudent man would have acted under like circumstances. Although there was no direct evidence as to the speed of the train, the violence of the collision and the distance it traveled before it could be stopped were circumstances tending to prove that its speed was such as to impose a duty to give warning of its approach to the crossing. There was nothing in appellant's evidence which tended to take away the presumption created by section 7051, or to show that the death

of appellant's husband was caused by his own negligence. It follows that section 7052 cannot be relied on as a defense to the action.

■ It is argued that section 7051, which undertakes to create the presumption of negligence as against railroad companies upon proof of injury, violates the due process and equal protection clauses of the Fourteenth Amendment; and it is pointed out that an exactly similar statute of the state of Georgia has been held to be unconstitutional by the Supreme Court in Western & Atlantic R. R. v. Henderson, 279 U. S. 639, 49 S. Ct. 445, 447, 73 L. Ed. 884. There is no doubt that the Florida statute was copied from the Georgia statute; but the Florida Supreme Court has given to it a construction that is different from the construction which the Supreme Court held in the Henderson Case has been given by the Supreme Court of Georgia. In the just cited case it was said that the statute as construed by the Georgia decisions "creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate." The uniform construction of the statute by the Supreme Court of Florida is that it merely creates a presumption that disappears and comes to an end upon the submission of proof by a railroad company that its agents have exercised ordinary and reasonable care. Atlantic Coast Line Ry. Co. v. Crosby, 53 Fla. 400, 43 So. 318; Seaboard Air Line Ry. v. Thompson, 57 Fla. 155, 48 So. 750; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 So. 303; Payne v. McKinnon, 81 Fla. 583, 88 So. 495; Seaboard Air Line Ry. Co. v. Myrick, 91 Fla. 918, 109 So. 193; Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842. That statute as so construed has the same meaning as the Mississippi statute, which makes proof of injury in like cases prima facie evidence of the acts of negligence alleged in the declaration. The Mississippi statute was upheld by the Supreme court in Mobile, etc., R. Co. v. Turnipseed, 219 U. S. 35, 31 S. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463. The construction which a state, through its highest court, places upon its own statute is binding upon us. Minnesota Iron Co. v. Kline, 199 U. S. 593, 26 S. Ct. 159, 50 L. Ed. 322; Mobile, etc., R. Co. v. Turnipseed, supra; W. & A. R. Co. v. Henderson, supra. We are therefore of opinion that section 7051 of the Compiled Statutes of Florida does not violate the Four-

teenth Amendment to the Constitution of the United States.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

SIBLEY, District Judge (concurring).

I concur in the foregoing opinion. I think, however, that the discussions of the Georgia and Florida statutes, which stop at examining the validity of the presumption raised as a mere presumption, do not reach the gist of the statutes. In them the presumption is mere procedural machinery, almost an afterthought. It matters little what becomes of it. The gist of the legislation is what precedes, a change in the substantive law touching liability: "A railroad company *shall be liable* for any damages done persons, stock or other property by the running of the locomotives, etc., *unless* the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence." Because of the great danger incident to the introduction of railroad trains, and because the agents of the company are always present when injury is done thereby, and usually survive, it was thought reasonable to put this different rule of liability on such companies. The real question is whether the equal protection of the laws is thereby denied. I think the peculiarities of railroad business abundantly justify this distinction, equally applicable to them all. It was so held of a statute making the companies liable even for double damages where cattle guards were not erected, Mo. Pac. R. Co. v. Humes, 115 U. S. 512, 6 S. Ct. 110, 29 L. Ed. 463; for fires on the right of way, irrespective of negligence, St. Louis & San Francisco R. Co. v. Mathews, 165 U. S. 1, 17 S. Ct. 243, 41 L. Ed. 611; A., T. & S. F. R. Co. v. Matthews, 174 U. S. 96, 19 S. Ct. 609, 43 L. Ed. 909; making railroad companies liable for the negligence of fellow servants, Mo. Pac. R. Co. v. Mackey, 127 U. S. 205, 8 S. Ct. 1161, 32 L. Ed. 107; Chicago, Kansas & Western R. Co. v. Pontius, 157. U. S. 209, 15 S. Ct. 585, 39 L. Ed. 675; Minnesota Iron Co. v. Kline, 199 U. S. 593, 26 S. Ct. 159, 50 L. Ed. 322. Add to these the numerous more recent decisions on statutes fixing employers' liability for railroads, safety appliances, and the like, and it seems very mild to require no more of them than is required by the Georgia and Florida statutes, that they shall, in case of damage in railroad operation, show they were not to blame.