ENGLAND *v.* WHITE.

4-6456                                      155 S. W. 2d 576

Opinion delivered November 10, 1941.

1156

*J. M. Smallwood,* for appellant.

*J. J. Montgomery, Caviness & George* and *Patterson & Patterson,* for appellee.

McHANEY, J.   Appellee brought this action against appellant to recover damages for personal injuries allegedly sustained by him and for damage done to his truck and trailer, as the result of a collision between his truck and a truck belonging to appellant, about three miles north of Cassville, Missouri, at about 12:45 a. m. April 10, 1940.   The complaint charged negligence on the part of the driver of appellant's truck in certain particulars, not necessary to be set out herein, and prayed damages both to himself and his truck.   The answer consisted of a general denial and a plea of contributory negligence on the part of the driver of appellee's truck in bar of the action.   Trial resulted in a verdict and judgment

against appellant in the sum of $1,000, from which comes this appeal.

As stated by appellant, "only one question presents itself for consideration by this court. That is, was Stanley Williams, the servant, agent and employee of appellee (driver of his truck), guilty of contributory negligence?"

The collision having occurred in the state of Missouri, the rights, duties and liabilities of the parties must be determined by the laws of that state. Both parties concede the correctness of this rule. Appellant also seems to concede that there is substantial evidence to support the finding of the jury, that appellant's driver was negligent—his insistance being that appellee's driver was guilty of contributory negligence as a matter of law, and that the trial court should have so declared and instructed a verdict for him.

We cannot agree with this contention. The court submitted to the jury this question in several instructions given at the request of appellant, at least one of which, No. 12, appears to be more favorable to appellant than he was entitled to, as it puts the burden on appellee to prove that the driver of his truck "was exercising the highest degree of care," in other words, that he was free from contributory negligence.

In determining whether appellee's driver was guilty of negligence as a matter of law, the rule frequently announced, but succinctly stated in *Ark. Power & Light Co.* v. *Shryock,* 180 Ark. 705, 22 S. W. 2d 380, "is to ascertain from the undisputed facts whether all reasonable minds would reach the conclusion that, under all the circumstances, he acted as an ordinarily prudent person would have done."

The facts regarding the collision are that appellant's truck was being driven north on an asphalt pavement, on a down grade, when he reached a point on the highway where another truck—that of one Moser—was turned over on its left side on the west shoulder of the road with its front to the north or northwest and its headlights still burning. Moser's truck had been traveling south, going up hill on a wet pavement, and, for some

reason his truck skidded, turned completely around and turned over on its left side, with its left wheels just off the edge of the pavement. Appellant's driver stopped his truck to offer assistance to Moser, but in so doing parked his truck immediately opposite the upset truck of Moser and with his right wheels off the pavement. Perhaps the preponderance of the evidence shows that the left wheels of appellant's truck were within six or eight inches of the white stripe down the center of the highway. This was the condition existing when appellee's truck and trailer, loaded with about ten tons of chat, traveling south at from 25 to 30 miles per hour, reached the bottom of the hill, or the depression between two hills, and started up the hill on which appellant's and Moser's trucks were. Appellee's driver and appellee saw the lights from both trucks above and his driver thought both were traveling along the highway, one following the other. Appellant's driver began "winking" his lights, and, when appellee's truck was only a short distance away, he turned on his bright lights, which prevented appellee's driver from seeing the existing condition until it was too late to stop his truck. When he realized the true situation, saw the conditions, he thought he would be unable to drive between the two trucks, so he applied his brakes and his car skidded into the truck of appellant and caused the damage complained of. There was a slow rain falling at the time, the pavement was wet, and there were signs along the road reading "Slippery when wet."

Under these facts we are unwilling to say that appellee's driver was guilty of negligence as a matter of law. On the contrary, we think the court properly submitted the questions of negligence and contributory negligence to the jury. There is no question of a failure of appellee and his driver to keep a lookout, and we think the situation developed by the facts justified the court in submitting the question of appellee's driver being confronted with an emergency, a situation not of his creation, but one wholly due to appellant's driver, for if the latter had parked on the shoulder of the road which was sufficiently wide for that purpose, or had parked at a point

other than opposite the upset truck, or had dimmed his lights, all of which he was required to do by the laws of Missouri, there would have been no emergency and the accident would not have happened. Appellant argues, however, that because appellee's driver testified he would have skidded into appellant's truck had it been parked on the shoulder, shows that he was negligent in driving too fast with a ten-ton load on a wet pavement and in applying his brakes on such a road. But that does not follow as a matter of law, because the jury had a right to conclude that, had appellant's truck been on the shoulder, entirely off the pavement, as the law of Missouri requires, and had kept his lights dimmed, there would have been no occasion for appellee's driver to apply his brakes and his truck would not have skidded. There would have thus been no obstruction on the highway. Also the jury might have concluded that the bright lights prevented appellee's driver from seeing that he could, with careful driving, pass between the two trucks. In *Smith* v. *Producers Cold Storage Co.*, (Mo. App.) 128 S. W. 2d 299, it was held, to quote a headnote: "It is negligence to allow a motor vehicle to stand on the traveled portion of a highway, and person placing automobile there must show affirmatively that it was necessary to do so at that time and place."

The question of the contributory negligence was, therefore, properly left to the jury.

Affirmed.