REXER v. CARTER.

4-7579                                     186 S. W. 2d 147

Opinion delivered March 19, 1945.

*Sam M. Wassell* and *Donald S. Martz,* for appellant.

*L. A. Hardin,* for appellee.

MILLWEE, J.   Appellee, L. L. Carter, brought this action against appellant, F. C. Rexer, for personal injuries and property damage arising out of a collision of their automobiles at the intersection of Eighth and Chester streets in the city of Little Rock on January 14, 1944. A jury trial resulted in a verdict and judgment in favor of appellee for $1,000. At the conclusion of the testimony on behalf of appellee, and at the conclusion of all the evidence in the case, appellant requested the court to direct a verdict in his favor. The action of the trial court in overruling both requests is the only assignment of error urged on this appeal.

The contention of appellant is that the trial court should have declared as a matter of law that appellee was guilty of contributory negligence. This contention must be overruled if there was any substantial evidence, viewed in the light most favorable to appellee, to support the verdict. *Arkansas Power & Light Co.* v. *Connelly,* 185 Ark. 693, 49 S. W. 2d 387. The test which determines whether one who receives an injury was guilty of contributory negligence as a matter of law is to ascertain from the undisputed facts whether all reasonable minds would reach the conclusion that, under all the circumstances, he acted as an ordinarily prudent person would have done. *Coca-Cola Bottling Co.* v. *Shipp,* 174 Ark. 130, 297 S. W. 856; *Arkansas Power & Light Co.* v. *Shryock,*

180 Ark. 705, 22 S. W. 2d 380; *England* v. *White,* 202 Ark. 1155, 155 S. W. 2d 576.

The above rule was more fully stated by Mr. Justice HART in the case of *Aluminum Co. of North America* v. *Ramsey,* 89 Ark. 522, 117 S. W. 568, affirmed in 222 U. S. 251, 32 S. Ct. 76, 56 L. Ed. 185, as follows: ''It is earnestly insisted by counsel for appellant that the first instruction asked by him which was peremptory, should have been given. On this view of the case we must consider the testimony in its most favorable aspect to appellee, for it is the province of the jury to pass upon the weight of the evidence. With that we have no concern, however greatly we may think it preponderates one way or the other. The test is, could reasonable and fair-minded men from all the facts and circumstances adduced in evidence have come to different conclusions as to whether or not negligence on the part of appellee might be inferred? If so, the right to draw the inference is for the jury. On the other hand, if reasonable minds could have reached but one conclusion from the evidence, then the question of contributory negligence is one of law for the court.'' Appellant concedes this to be the rule, but insists that the testimony on behalf of appellee, when given its strongest probative value and treated as undisputed, establishes his contributory negligence as a matter of law, and the trial court should have so declared and instructed a verdict in his favor. We proceed to view this evidence.

Appellee testified that he was driving east on Eighth street at a speed of 15 to 25 miles per hour and keeping a lookout for all traffic as he approached the intersection of Eighth and Chester streets. He observed a car going in the opposite direction on Eighth street which entered the east side of the intersection at the same time he entered the west side. He looked over to each curb and proceeded to pass the car going west when the automobile of appellant ''darted out'' in front of him and the collision occurred before he had time to apply his brakes. By a city ordinance, Eighth street is a boulevard at this

point and there is a stop sign at the north intersection line of Eighth street where it crosses Chester street.

Several witnesses testified that appellant, who was traveling south on Chester street, failed to stop before entering the intersection, and ran through the stop sign at a speed of 45 or 50 miles per hour. After the impact, appellant's car ran over a curb into a filling station at the southeast corner of the intersection and struck a concrete post about 90 feet from the point of collision. Appellant was fined in municipal court for failing to observe the stop sign, but has appealed this conviction.

Appellant insists that appellee's testimony establishes the fact that he approached the intersection knowing that he could not observe traffic which might be approaching from the north because of the westbound car to his left, and this constituted negligence which bars a recovery on his part. We do not agree that such conclusion is the only one which fair-minded men could reach under the evidence. On the contrary, we think the court properly submitted the issues of negligence and contributory negligence to the jury. The jury could have found from the testimony that appellee was not bound to anticipate the recklessness of appellant in driving at an excessive speed through a stop sign which protected the boulevard upon which appellee was traveling. See Berry, Automobiles, 7th Edition, Vol. 3, § 3.29, and cases cited. The court in *Kilroy* v. *Justrite Mfg. Co.*, 209 Ill. App. 499, said: "The driver of an automobile has the right to assume that the driver of another automobile with which it collides will obey an ordinance prohibiting any vehicle from being driven onto any boulevard without first bringing such vehicle to a full stop, and he is not guilty of contributory negligence in acting upon such assumption."

In support of his contention appellant cites the case of *Smith Arkansas Traveler Co.* v. *Simmons, et al.*, 181 Ark. 1024, 28 S. W. 2d 1052, where it was said that danger may always be anticipated at intersections of streets, and every driver should keep a lookout and approach same with his machine under control, else he cannot be

regarded or treated as exercising ordinary care. No stop sign was involved in the case, and there was a sharp dispute in the testimony as to which vehicle entered the intersection first and the speed of the automobiles involved. But the court in that case refused to declare appellee guilty of contributory negligence as a matter of law and said: "The testimony thus detailed presented a conflict of testimony for determination by the jury as to whether the collision and consequent damages was occasioned by the negligence of the motorman or contributory negligence of appellee. This issue was submitted to the jury and determined adversely to appellant."

The trial court properly submitted the question of contributory negligence to the jury and their verdict on this issue is binding upon this court on appeal.

The judgment is affirmed.