Pearce *v.* Pierce, et al.

May 19, 1952.

No. 38433 (58 So. (2d) 824)

Glenn G. Young and W. Arlington Jones, for appellant.

Hall & Callender, for appellees.

## Alexander, J.

Appellant filed suit for personal and property damage arising out of an automobile collision. The answer of the defendants, appellees, pleaded a release and settlement of all claims. The contention of appellant is not that there was not a payment to, and a release executed by, him, but that it was understood that the release included only property damage. The release executed by the appellant is in the following form:

"Release In Full

"For the Sole and Only Consideration of ...... Three Hundred and No/100 ...... Dollars ($300.00) to me, paid, receipt of which is hereby acknowledged I hereby release and discharge Pierce Brothers and Ellis Pierce his or their heirs successors and assigns, and all other persons, firms or corporations who are or might be liable from all claims of any kind or character, which I have or may have against him or them, and especially because of all damages, losses or injury to persons or property, or both, whether known or unknown, developed or undeveloped, resulting or to result from accident on or about December 18, 1950, at or near Bunker Hill Community, Marion County, Mississippi and I hereby acknowledge full settlement and satisfaction of all claims of whatsoever kind or character which I may have against him or them by reason of the above mentioned damages, losses or injuries. "I have represented that the injuries sustained are permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and upon my own judgment, belief and knowledge of the nature, extent and duration of said injuries and that no representations or statements regarding said injuries or regarding any other matter made by the persons, firms or corporations who are hereby released or any

person or persons representing him or them or by any physician or surgeon by him or them employed has influenced me to any extent whatsoever in making this release.

"It is further understood and agreed the payment of said amount is not to be construed as an admission of liability upon the part of said person, firms or corporations; liability being by me or them expressly denied.

"All agreements and understandings between the parties hereto are embodied and expressed and the terms of this release are contractual and not a mere recital.

"I Have Read The Foregoing Release And Fully Understand It.

"Signed, sealed and delivered this 3rd day of January, 1951.

"In the presence of
Alford Pearce (Claimant sign below)
Mrs. Mae Speights Hathorn
Route No. Two C. R. Pearce (Seal)
Bassfield, Miss."

We need not set out the testimony by which the appellant sought to show that there was a misunderstanding or fraud in its procurement, or that it was orally agreed that it covered only damage to his car. ▉▉ Appellant testified that before he signed it, he read it and knew its contents, also that he accepted and cashed a draft issued pursuant to the agreement in the sum of three hundred dollars, on which was written "Payment of all claims arising out of an accident. Date of accident, December 18, 1950." There is no issue whether this referred to the collision which is the basis for the suit herein.

While there are contentions alleging fraud, and representations at variance with the terms of the contract of release, fraud as to past or existing facts was neither alleged with conciseness nor proven with clear and con-

vincing testimony, and, in view of a full understanding of the terms of the release, voluntarily executed, together with acceptance of the draft issued thereunder, the attack upon the release must fail. It merged all previous discussions and agreements, if any. See Koeing v. Calcote, 199 Miss. 435, 25 So. (2d) 763; Yazoo & M. V. R. Company v. Sideboard, 161 Miss. 4, 133 So. 669.

The appeal is from a judgment for the defendants. ██ It is assigned for error that the issue raised by the plea ought to have been tried to a jury, a request for which was denied. Assuming that such request ought to have been granted, as to which see Scott v. Nichols, 27 Miss. 94; Chapter 230, Laws of 1948, as amended, no error may be predicated of such refusal, since, under the testimony the plea was rightfully sustained as a matter of law. Had it been tried to a jury the defendant would have been entitled to a peremptory charge, or in the absence of a request therefor a verdict and judgment for the plaintiff would lack support. Compare Plummer-Lewis Company v. Francher, 111 Miss. 656, 657, 71 So. 907, as to procedure followed. The error, if any, is therefore not prejudicial.

Affirmed.

McGehee, C. J., and Kyle, Holmes and Ethridge, JJ., concur.