POWE, MINOR, ETC., et al. *v.* JACKSON.

No. 41044 March 2, 1959 109 So. 2d 546

14

*Rabb & Watts,* Meridian, for appellants.

*Shumate & Eppes,* Meridian, for appellee.

APPELLANTS IN REPLY.

ETHRIDGE, J.

The principal issue is whether a settlement of a tort claim by an injured employee with a negligent third party, before any action is brought, and without the approval of the Workmen's Compensation Commission, is valid and binding on the employer and compensation insurer.

Section 30 of the Workmen's Compensation Act recognizes the right of an injured employee or his dependents to sue a third party for injury or death, and authorizes the employer or insurer to join in such action. Miss. Code 1942, Section 6998-36. The amount recovered in such suit is disbursed by first paying reasonable costs of collection, next the amount necessary to discharge the legal liability, present and future, of the employer or insurer, and any excess belongs to the injured employee or his dependents. The employer or insurer is given the in-

dependent right to maintain such an action against the third party in their own name or in the name of the injured employee.

The fourth paragraph of Section 30, which is pertinent here, provides: "In case of settlement of any action before the trial thereof, such settlement shall be subject to the approval of the court wherein such action is pending, and *settlement before an action is brought shall be subject to the approval of the commission. . ."* (Emphasis supplied.)

Appellant Powe, a minor then fifteen years of age, was employed by the Point Drug Store in Meridian as a delivery boy. The employer carried compensation insurance with appellant, United States Fidelity & Guaranty Company (hereinafter called Company). On February 17, 1957, while driving a motor scooter for his employer, Powe was injured in a collision with a taxi driven by the defendant-appellee, J. A. Jackson. The injury arose out of and in the course of his employment. The Company paid Powe compensation benefits in the amount of $598.78. Apparently he has recovered and payments have ceased.

On July 12, 1957, Powe and his parents filed an ex parte petition in the Chancery Court of Lauderdale County for authority to settle a doubtful claim against Jackson for the injuries the minor received in the accident. Miss. Code 1942, Section 448. On the same day the chancery court entered a decree authorizing settlement of this claim with Jackson. The parents were authorized to receive for the minor $400 as full settlement of his claim, subject to the rights of the Company. The decree stated that settlement "shall not prejudice the rights" of the insurer for its claim against the parties for the recovery "of all amounts paid as workmen's compensation benefits." The minor and his next friend executed a release of Jackson from all claims arising out of the collision. The release states that it does not

include settlement of any claim the insurance carrier might have, and is without prejudice to the latter.

About seven months later Powe, the minor, by his next friend, filed a suit in the Circuit Court of Lauderdale County against Jackson, for damages of $12,800 which he allegedly received in the accident. Jackson answered, and pleaded as an affirmative defense the chancery court decree authorizing Powe to settle his claim, and the release executed pursuant to that decree. He asserted this release was a complete bar to any action which Powe might have. In response, plaintiff admitted the ex parte chancery court proceedings, but averred that the real party in interest as plaintiff was the Company, which, under Section 30 of the Workmen's Compensation Act, was seeking reimbursement and exoneration of future liability under the Act. Plaintiff asserted that the release was obtained in violation of the requirements of Section 30 and was void. Jackson then moved to strike plaintiff's claim for damages in the amount of $12,800, and averred that the right of action vested in the Company is limited to the amount of benefits which it had paid Powe to date, $598.78. The settlement between Powe and Jackson was made without approval of the Workmen's Compensation Commission. The insurer had notice that a settlement was contemplated, but did not acquiesce in it.

There was a preliminary hearing on the plea in bar and motion to strike. They were sustained. The court held that plaintiff could proceed only for $598.78, benefits paid to date, plus reasonable costs of collection. Since plaintiff refused to amend by so limiting the claim, the circuit court dismissed the suit with prejudice. This appeal by Powe and the Company as subrogee is from that judgment.

There are four earlier cases dealing with other, related aspects of Section 30. The act makes the carrier and employer proper but not necessary parties in a

third party action. In American Creosote Works of Louisiana v. Harp, 60 So. 2d 515 (Miss. 1952), they were given notice and did not join, but the final judgment in favor of the employee directed distribution of the proceeds as required by the statute.

Richardson v. U. S. F. & G. Company, 102 So. 2d 368 (Miss. 1958), was a suit by a compensation claimant against a third party tort-feasor. The carrier intervened, and showed the amount of benefits paid to date and its future liability. The suit was settled before trial for $50,000, and approved by the circuit court. The balance of the proceeds after payment of costs of collection, it was held, shall be used to discharge all liability of the employer or insurer, including that to accrue in the future as well as that already paid or accrued. Where the future liability is not ascertainable at time of recovery, the net proceeds, after payment of costs of collection and reimbursement of employer or insurer to that date, shall be paid to the compensation beneficiary. The employer and insurer were authorized to suspend payment of such compensation benefits as they may be liable for under the Act, until such suspended benefits, which they would have paid except for such suspension, equal the amount of the third party recovery paid to the compensation beneficiary. The case was ordered to remain an active one on the records of the Commission, so that the rights of all parties may be protected.

Bush v. Byrd, 108 So. 2d 211 (Miss. 1959) involved settlement of a claim between the employee and a third party tort-feasor after the former had filed suit in the circuit court. One of the claimants was a minor. On ex parte petition, the chancery court authorized settlement by the minor. After attorney's fee, claimants received a net balance of $1,675. The circuit court, in which the suit had been filed, entered an order in effect approving the settlement, and dismissing the suit with prejudice. After this settlement, claimants propounded their com-

pensation claim. Appellants, employer and insurer, contended claimants were barred from obtaining it, because they gave no notice to appellants of having filed suit against the third party, as required by Section 30. The Commission awarded benefits, but gave appellants credit for the $1,675 claimants had received under the settlement. Hence the Court refused to hold that failure to give notice of the suit to appellants barred claimants from propounding a compensation claim. No issue with reference to the validity of the settlement with the third party was involved. The court simply held that failure to give notice of the suit to the employer and insurer did not bar dependents of the deceased employee from prosecuting their compensation claim, where the former were given credit on their compensation liability for the net amount received by dependents from the third party.

In U. S. F. & G. Co. v. Higdon, No. 40,966, decided February 23, 1959, it was held that the subrogation rights of the insurer and employer are limited to those of the compensation beneficiary. Where the beneficiary has no rights under the wrongful death act, they have no claim by subrogation in that respect against a third party. None of the foregoing cases deal directly with the question now presented.

■■ ■ The settlement between Powe and Jackson was executed at a time when there was no action pending in the circuit court against the third party, Jackson. It was in violation of the provision in the fourth paragraph of Section 30: "settlement before an action is brought shall be subject to the approval of the commission." The legislative purpose in requiring approval by the Commission of settlements of employees' claims against third party tort-feasors was to insure the protection of employees in their compensation rights, to prevent improvident and unwise releases of claims against such third parties, and to preserve the subrogation and indemnity rights of the employer or insurer against such

third parties. The statute clearly prohibits such settlements without approval of the Commission.

The legislative policy in this respect is also reflected in other provisions of the compensation act, with reference to settlements between employees and employers or insurer. Section 6998-15 provides: "Commutation and lump sum settlement payments shall be governed by rules of the commission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the commission having final authority in such questions." Under Section 6998-21, "No agreement by an employee to waive his right to compensation under this act shall be valid." And, in the case of lump sum payments, "the commission shall be the sole judge as to whether or not a lump sum payment shall be to the best interest of the injured worker or his dependents." Section 6998-19 (j).

██ █ These provisions are *in pari materia* with the one in Section 30 requiring approval by the Commission of settlements with a third party before an action is brought. Failure to obtain such approval is in direct violation of the statute, and such attempted settlements without Commission approval are invalid and void. Hence Powe's settlement with appellee Jackson is void. The phrase, "settlement before an action is brought," refers to the bringing of an action for damages against the third party. It does not pertain to the ex parte petition filed by Powe and his parents in the chancery court for authority to settle a doubtful claim under Code Section 448. The decree in that proceeding authorized the minor to do only that which he could do if he were an adult. The settlement clause of Section 30 applies to all employees, adults and minors, their dependents, and employers and insurers.

 The insurance carrier had notice that Powe and Jackson contemplated making a settlement, but did not acquiesce in it. Appellee contends that the company had

the duty to either join in the settlement or to seek to prevent it, apparently by a bill for injunction; that it did not do so, and accordingly has waived its right to contest the settlement, or is estopped to do so. The statutory requirement that the Commission approve such settlement is for the benefit of the employee and his dependents as well as the employer and insurer. Failure to obtain Commission approval before an a c t i o n is brought invalidates it. The stated circumstances certainly furnish no basis for a waiver or estoppel of appellant. ■■ ■ Moreover, the Company has the right, under Section 30 *Richardson,* to receive out of the proceeds of any judgment which might be recovered from Jackson, the third party, both compensation payments made to date and exoneration for future legal liability to the injured employee.

■■ ■ Under H. C. Moody & Sons v. Dedeaux, 223 Miss. 832, 79 So. 2d 225 (1955), the one-year statute of limitations, Section 6998-27, does not begin to run until the minor employee becomes twenty-one years of age. The judgment appealed from was dated April 25, 1958, and at that time he was almost seventeen years of age. ■■■ Hence at any time within approximately five years thereafter he has the right to file a supplemental petition for additional compensation or medical benefits under the Act, in the event such payments subsequently become allowable. Under *Richardson,* the employer and insurer are entitled to have a pro tanto discharge of any future liability from the proceeds of a judgment which might be obtained against a third party and paid to the employee under Section 30.

■■ ■ The question arises as to how any judgment appellants might obtain against Jackson on remand of this case should be distributed. Except as the situation is altered by reason of the fact that Powe has received from Jackson $400 in the atempted settlement, and for which said sum Jackson is entitled to credit on any judg

ment that might be rendered insofar as Powe is concerned but not insofar as the Company is concerned, the rule laid down in *Richardson* should be applied. In other words, after first deducting the cost of collection, any judgment against Jackson should be distributed to the Company to the extent of $598.78, the amount of compensation benefits already paid by the Company to Powe. The balance of the judgment, if any, less $400 credit to Jackson by reason of the attempted settlement, should be paid to Powe. In the event the Company should become liable for any future compensation benefits resulting from Powe's injuries, it shall be credited with any sum actually paid by Jackson to Powe, plus $400; and payment of future compensation benefits shall be suspended until such benefits which the Company would otherwise be required to pay equal the sum Jackson actually pays to Powe to satisfy any such judgment, plus $400.

The judgment of the circuit court, sustaining appellee's plea in bar and motion to strike, limiting the claim of plaintiff and the insurer to $598.78, and, upon appellants' refusal to so amend, dismissing the suit with prejudice, is reversed. The plea in bar and motion to strike are overruled, and the case is remanded for a trial on the merits.

Reversed, judgment rendered overruling appellee's plea in bar and motion to strike, and cause remanded.

*McGee, C. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.