Percy SMITH, Appellant,

v.

B. J. BUSH et al., Appellees.

No. 19747.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1963.

Walter L. Nixon, Jr., Biloxi, Melvin
B. Bishop, Jackson, Miss., for appellant.

W. B. Hand, Mobile, Ala., George E. Morse, Gulfport, Miss., Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., and Morse & Morse, Gulfport, Miss., of counsel, for appellees.

Before RIVES, JONES and BELL, Circuit Judges.

JONES, Circuit Judge.

The appellant, Percy Smith, was employed by Hattiesburg Grocery Company, of Hattiesburg, Mississippi, as a helper on a delivery truck. On January 17, 1957, the truck was hit by a train of the appellant, Louisville & Nashville Railroad Company, at a crossing in Gulfport, Mississippi, and Smith was injured. The appellee, B. J. Bush, was the engineer operating the train at the time of the collision. Workmen's compensation payments were made to or on behalf of Smith by Fireman's Fund Indemnity Company, the compensation insurance carrier of Hattiesburg Grocery Company. In June of 1957 Fireman's Fund made a settlement with Smith by paying him $750 in addition to the medical expenses and compensation previously paid. The settlement was approved by the Mississippi Workmen's Compensation Commission. In November of 1957, the Railroad Company, hereinafter called L. & N., took a release of itself and Bush from Smith, Leon Lewis, the truck driver, and Mary Bell Keys, a rider on the truck, for an aggregate consideration of $600, and made payment by a joint draft in which four attorneys were joined as payees. The release reserved all rights and claims of Hattiesburg Grocery Company and Fireman's Fund Indemnity Company. Smith brought suit against the L. & N. in October of 1959 for damages resulting from the injuries which he had sustained in the collision. L. & N. and Bush pleaded the release as a bar to Smith's claim. Fireman's Fund intervened to protect its right of reimbursement of its payments to Smith as his subrogee. The district court held that the release was a complete defense to the claim of Smith and directed a verdict against him but permitted the case to go to the jury on the claim of the intervenor, Fireman's Fund. The verdict was for the defendants. Judgment on the verdict was entered and Smith has appealed.

The question for our determination is whether the release given by Smith to the L. & N. and Bush is valid. By Section 30 of the Mississippi Workmen's Compensation Act it is provided that, "In case of settlement of any [third party] action before the trial thereof, such settlement shall be subject to the approval of the court wherein such action is pending, and settlement before an action is brought shall be subject to the approval of the [Workmen's Compensation] commission." Miss. Code, 1942 Ann. Recompiled § 6998–36. In construing this statutory provision, the Supreme Court of Mississippi has said:

"The settlement between Powe [the injured claimant] and Jackson [the tortfeasor] was executed at a time when there was no action pending in the circuit court against the third party, Jackson. It was in violation of the provision in the fourth paragraph of section 30: 'settlement before an action is brought shall be subject to the approval of the commission.' The legislative purpose in requiring approval by the Commission of settlements of employees' claims against third party tortfeasors was to insure the protection of employees in their compensation rights, to prevent improvident and unwise releases of claims against such third parties, and to preserve the subrogation and indemnity rights of the employer or insurer against such third parties. The statute clearly prohibits such settlements without approval of the Commission.

\*   \*   \*   \*   \*   \*

"Failure to obtain such approval is in direct violation of the statute, and such attempted settlements without Commission approval are in-

valid and void." Powe v. Jackson, 236 Miss. 11, 109 So.2d 546.

In urging that Powe v. Jackson is not controlling here, the appellees assert four propositions; first, that Powe v. Jackson is wrong and should not be followed; second, that the jury decided the claim of Smith by its verdict against its subrogee, Fireman's Fund, and any error in the court's ruling that the release was valid is damnum absque injuria; third, that the approval by the Commission of the settlement of the compensation claim was, by virtue of the statute [1] regulating such settlements, an implicit finding that the exact extent of Smith's disability could not be determined, with the result that the Commission could do no more and the Smith settlement with L. & N. and Bush was valid without Commission approval; and fourth and finally, if none of the other contentions prevail, the Section 30 requirement of Commission approval is unconstitutional as an unwarranted infringement of freedom of contract.

██ Whatever may be happening to stare decisis in other areas of judicial action, it presently is a law of the Medes and Persians in diversity cases. If the Mississippi Supreme Court has gone beyond the legislative intent in Powe v. Jackson, supra, it is not within the realm of our competence to say so. The construction of the Mississippi statute by the Mississippi Supreme Court is binding upon us.

██ The contention of Bush and the L. & N. that Smith is bound by the judgment against Fireman's Fund invokes the doctrine of res judicata or collateral estoppel. For either of these doctrines to be applicable there must be a relationship of or in the nature of privity.

The claim of Fireman's Fund to participate in a third party recovery is a derivative right which entitled it to share in any award of damages inuring to Smith, but the claiming by it of a right to share in Smith's third party cause of action does not put Smith in the shoes of Fireman's Fund. A judgment against one holding a derivative claim, such as a subrogee, does not bind or estop him from or through whom the claim was acquired. 50 C.J.S. Judgments § 788, p. 326–327.

██ It cannot be said, in our opinion, that the approval by the Commission of a settlement of a claim for compensation, is an abdication of its jurisdiction over settlement of a negligence claim against a third party tortfeasor which the statute requires the Commission to approve. There is no merit in the third point urged by the appellees.

██ It seems that we become confronted with and must decide the question of the validity of the Mississippi statutory provision, as construed by the Mississippi Supreme Court, as tested by the United States Constitution. In the absence of statutory restriction an injured person could, for a valuable consideration, give a release, agreed upon in an arms-length settlement, to those responsible for his injury. The freedom of control may be limited where there are visible reasons of public policy for the limitation. Minnesota Iron Co. v. Kline, 199 U.S. 593, 26 S.Ct. 159, 50 L. Ed. 322. The Supreme Court has said:

"There is no absolute freedom to do as one wills or to contract as one chooses. The guarantee of liberty does not withdraw from legislative supervision that wide department of activity which consists of the

---

1. Rules of the Commission shall govern compromise payments where the prescribed schedules are not applicable and which in its discretion may be made in cases where it is not possible to determine the exact extent of disability, as for example in certain injuries to the back or head. Commutation and lump sum settlement pay-   ·   ments shall be governed by rules of the Commission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the Commission having final authority in such questions. Miss.Code 1942 Ann. Recompiled § 6998–15.

making of contracts, or deny to government the power to provide restrictive safeguards. Liberty implies the absence of arbitrary restraint, not immunity from reasonable regulations and prohibitions imposed in the interests of the community. * * * 'It is within the undoubted power of government to restrain some individuals from all contracts, as well as all individuals from some contracts. * * * and, indeed [it], may restrain all engaged in any employment from any contract in the course of that employment which is against public policy'." Chicago, Burlington & Quincy Railroad Company v. McGuire, 219 U.S. 549, 31 S.Ct. 259, 55 L.Ed. 328.

In the exercise of the so-called police power a state may circumscribe the freedom of an individual to contract in order to promote or preserve the health, safety, morals and welfare of those subject to its jurisdiction. Workmen's Compensation acts have been enacted in the exercise of this power and such statutes, in varying extent, restrain the freedom of contract between employer and employee. The Federal Employers' Liability Act prohibits contracts exempting carriers from the liability imposed by the Act. Other instances might be cited. See Annotation 84 A.L.R. 1297. We think the challenged clause of the Mississippi statute is reasonable rather than arbitrary, that the requirement which it imposes is not an undue limitation upon the right to contract, and that the safeguard provided by it is a proper exercise of the legislative power of the state.

We are convinced that under the Mississippi statute, as construed by Powe v. Jackson supra, the release given by Smith is invalid and of no effect. It follows that there must be a new trial. The judgment of the district court against the appellant, Percy Smith, is reversed and the cause is remanded.

Reversed and remanded.