BRADY, Justice:
This is an appeal from the Circuit Court of Harrison County, wherein the appellee obtained a judgment for $10,000 for personal injuries and damages resulting from an automobile collision with the appellant. This is the same aria which has been played so many times with only a slight variation in key and tempo.
Three assignments of error are urged by the appellant, and the pertinent facts will be discussed in considering these assignments, the first being that the trial court erred in failing to peremptorily instruct the jury to find for the appellant for the reason that the appellee failed to meet the burden of proof that the release executed by appellee and his wife was procured through fraud and misrepresentation. On November 20, 1966, at approximately 7:30 A.M., immediately prior to the collision, the appellee was driving a 1947 open jeep between fifteen and twenty-five miles per hour in an easterly direction, accompanied by Curtis Dale Alexander, brother of the appellant, over a county gravel road commonly known as “Yankee Town Road.” The appellant, a minor, was operating a 1961 Chevrolet in a westerly direction seeking to deliver some shotgun shells to his brother, who was going deer hunting with appellee. The facts are in sharp conflict as to where the Chevrolet driven by appellant and the jeep driven by appellee were with respect to a 90° curve and whether or not the appellant or appel-lee was on the wrong side of the road, and also as to what speed the respective ve- *161 hides were making at the time of the collision. The appellant concedes that he was traveling between thirty and thirty-five miles per hour when he first saw the jeep being driven by appellee; that he had reduced his speed to approximately eight miles per hour at the time of the collision. Both litigants asserted that they pulled as far to their right as possible on their respective sides to prevent the other from striking the vehicle he was driving. The. record discloses that the left front bumper of appellant’s Chevrolet struck the left front tire of appellee’s jeep.
Appellee was hospitalized in the Stone County Hospital at Wiggins, Mississippi on November 20 immediately after the wreck which occurred at approximately 7:30 A.M. He sustained a broken fibula of the left ankle; he sustained a deep laceration over the left eye which left a permanent disfiguring scar, lacerations of the left side of the mouth and the left side of the face and bottom lip. There were bruises also to the side of his chest and his knee. The appellee was hospitalized until 10 :Q0 P.M. on November 23, 1966, and was permitted by his doctor to return to work the latter part of December. However, the record shows that he returned to work on December 8, 1966, for the reason he had to provide for his wife and two sons, aged fourteen months and two months, and that he worked part time on a non strenuous job.
Appellee asserts that because of the negligent operation of the Chevrolet by appellant and the collision and resulting injuries he has sustained the following damages : Dr. Campbell’s treatment and attendant services, $150; hospital bill, $152.95; loss of the jeep amounting to $400, although the proof shows that appellee paid only $300 for the jeep; and alleged loss of earnings between $400 and $500. The appellee testified that his average weekly wage was $65. His employer, however, testified he was paid $1.46 an hour at the time of his injury. On an average fifty hour week this would amount to $73.
Appellee’s evidence substantially presents that on December 17, 1966, after Mr. Billy Joe Herrington, Adjuster for the Southern Farm Bureau Casualty Insurance Company, had obtained written consent from the ap-pellee to interview Dr. Campbell and to inspect his hospital record, Adjuster Her-rington had requested the appellee to bring his wife to his office in Gulfport in order that he and his wife might both sign a slip of paper so that a settlement could thereafter be consummated and the appel-lee could be paid sums of money to take care of his hospital and doctor bills. The record discloses that on December 17, 1966, a final release and settlement of claim was executed by the appellee and his wife, the latter being nineteen years of age at the time. It is the contention of the appellee and so testified to by him and his wife that he could not read very well, that he did not and could not read the release, and that it was not read to him. The record discloses that the appellee had gone through the sixth grade and had remained in school approximately one-half of the seventh grade and that his ability to read was considerably restricted. His testimony, if believed by the jury, disclosed that Adjuster Herrington misrepresented to the appellee the fact that he was actually signing a release in that he told appellee that his signature was necessary in order that a compromise of his claim could be effected and so that funds could be advanced to him in order that he could buy groceries and pay other bills.
While the gross inadequacy of the $125 which was paid to the appellee does not per se constitute fraud, it is a factor to be considered by the jury in determining whether or not the appellee was deceived or whether the appellee was satisfied in receiving only $125 in full and complete settlement of all of his injuries, expenses, disability, pain and suffering.
Appellee and his wife also testified that the top of the release, where the words “Final Release and Settlement of Claim” appeared, was concealed or covered by the *162 hand of Adjuster Herrington when he presented the release for signatures by appel-lee and his wife.
Mrs. Ernest Forrest, who was employed in the same building, was secured as a witness to the signing of the release by ap-pellee and his wife. Appellee claims that he and his wife signed the document before Mrs. Forrest came in the room. It is worthwhile to note that she testified that nothing was said by either Adjuster Her-rington or by appellee or his wife during the time she was in the room and signed as a witness to the instrument and that at no time did Adjuster Herrington in her presence explain to the appellee or his wife that they were signing a final release in settlement of his claims. A check in the sum of $125 was given to the appellee, who the record discloses was in dire need of funds in order to obtain groceries for his family and to pay part of his medical bill and gasoline costs.
A clear-cut issue of fact as to fraud and misrepresentation was presented by the testimony of the appellee just as precise issues were presented as to whether the appellant or the appellee’s negligence was the sole, proximate or contributing cause of the collision and attendant injuries. The court did not err in declining to grant a peremptory instruction for the appellant inasmuch as the record establishes the fact that the appellee proved sufficiently facts, if believed by the jury, to authorize it to find that the release was procured through misrepresentation or fraud. City of Meridian v. Godwin, 185 So.2d 433 (Miss. 1966); Schumpert v. Watson, 241 Miss. 199, 129 So.2d 627 (1961); Kansas City, Memphis & Birmingham R. R. v. Chiles, 86 Miss. 361, 38 So. 498 (1905).
On the appellant’s motion for a peremptory instruction the trial court properly considered all inferences which could be reasonably drawn from the evidence favorable for the appellee and properly overruled appellant’s motion for a peremptory instruction. Hawkins v. Hillman, 245 Miss. 385, 149 So.2d 17 (1963); Meaut v. Langlinais, 240 Miss. 242, 126 So.2d 866 (1961); Lad-ner v. Artigues, 234 Miss. 292, 106 So.2d 139 (1958); Grice v. Central Elec. Power Ass’n, 230 Miss. 437, 92 So.2d 837, 96 So. 2d 909 (1957).
The second error urged by the appellant is that the court erred in granting appel-lee instructions Nos. 10, 11, and 12 as they appear in the certified record of this cause. We conclude that the granting of these instructions did not constitute reversible error. While it is true that the meticulously drawn instructions are quite long and may have caused the jury some difficulty in comprehending the rules of law on an initial reading, nevertheless these instructions when considered with the other instructions granted both the appellant and the appellee accurately state the controlling rules of law, and for this reason the trial court did not commit reversible error in granting said instructions.
Considering the third and final error assigned, namely that the lower court erred in refusing to grant the appellant a new trial for the reason that the verdict was against the overwhelming weight of the evidence and was so excessive as to evince bias, passion and prejudice on the part of the jury in favor of the appellee, we cannot say with any degree of certainty that the verdict was against the overwhelming weight of the evidence. The jury was properly instructed in this regard and found for the appellee on the evidence which was presented, and we affirm, on this issue, their finding in favor of the appellee.
The question which has caused us the greatest concern is whether the $10,000 verdict of the jury and the judgment of the court is so excessive as to evince bias, passion and prejudice on the part of the jury. Appellant earnestly contends that an award of $10,000 for injuries which hospitalized appellee for only four days and which incapacitated him from working for a period of seventeen days and caused him *163 to experience discomfort and pain for some period of time subsequent to his return to light, restricted work on the eighteenth day, when considered with the fact that his doctor bill was only $150, his hospital bill only $152.95, the destruction of his jeep amounted to only $400, and the loss of his earnings shown by appellee to be between $400 and $500, doubtful as it actually is, establishes the excessiveness of the verdict and evinces bias, passion and prejudice by the jury. Initially, as this Court has heretofore pointed out, we take into consideration that the value of the dollar, because of inflation, has been depreciated to where it is scarcely worth half what it was several years ago, or that its purchasing power has been reduced to that degree. In addition, we have repeatedly held that the jury is the trier of facts and we will not disturb a verdict of the jury unless we can with assurance say that the verdict is so excessive and against the overwhelming weight of the evidence as to evince bias, passion and prejudice.
Taking into consideration the pain and suffering and resulting discomfort shown by the evidence together with the expenses and financial losses incurred by the appel-lee, we cannot say that the verdict of the jury evinces bias, passion and prejudice when we also take into consideration the fact that appellee’s face was scarred and permanently disfigured, that his leg was in a plaster cast from November 20 for a period of eight weeks, that the ligaments and flesh were injured and that his forced use of the leg resulted in a possible permanent impairment thereof. Therefore, we must conclude that the verdict of the jury was not excessive and against the overwhelming weight of the evidence in regard to the award of damages. For the foregoing reasons the judgment is affirmed.
Affirmed.
ETHRIDGE, C. J., and INZER, SMITH and ROBERTSON, JJ., concur.