Fred A. HAGUE, Plaintiff-Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee,

Sears Roebuck and Company, Intervenor.

No. 73–3889.

United States Court of Appeals, Fifth Circuit.

Nov. 18, 1974.

Charles T. Sykes, Jr., Crockett Lindsey, Gulfport, Miss., for plaintiff-appellant.

Ben H. Stone, Robert C. Galloway, Gulfport, Miss., for defendant-appellee.

Eldon L. Bolton, Jr., Gulfport, Miss., for Sears.

Before COLEMAN, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

The sole issue on this appeal is the efficacy, under Mississippi law, of an "Absolute Release." The release was given by an employee to his employer in connection with a lump-sum compromise payment of a disputed claim for benefits under the Mississippi Workmen's Compensation Law[1] prior to the commencement of an action against an asserted third party tort-feasor. The Mississippi Workmen's Compensation Commission (Commission) entered an order in the compensation claim proceedings between the employee and employer approving the execution of the release. The district court held the release barred a judgment-based garnishment action against an insurer that allegedly provided liability coverage to the third party judgment-debtor. We reverse.

Fred A. Hague was employed by Sears, Roebuck & Company (Sears). On February 12, 1970, while operating an automobile within the course and scope of his employment, he was struck from the rear by a taxi. The cab, owned by the Yellow Cab and Car Rental of Gulfport, Mississippi, Inc. (Yellow Cab), was operated by James Watkins. Hague subsequently filed a claim for benefits with the Compensation Commission. Sears, a self-insurer under the Compensation Law, contested the extent of Hague's temporary and permanent disability as well as his loss of wage earning capacity. After a hearing, the

---

1. Miss.Code Ann. § 71–3–1 et seq. (1972).

disputed claim was settled, and on October 19, 1971, a lump sum compromise payment was approved. Sears, as the employer and a self-insurer (carrier), was directed to pay 6,656.34 dollars to Hague "in full and complete discharge and release of all responsibility of said employer and carrier under the terms of the Mississippi Workmen's Compensation Act or otherwise."[2] Hague was further authorized by the Commission "to execute any receipt, release or other instruments required by the said employer and carrier to evidence their release, acquittal and discharge herein." The release in question was then executed by Hague and delivered to Sears.[3] Upon payment to Hague by Sears, both parties executed the Commission's Form B–31, a Final Report and Settlement Receipt, showing that the entire sum paid to Hague was attributable to an agreed stipulation of the parties setting the compensation due for 450 weeks of permanent partial disability.

On February 2, 1972, Hague commenced an action in the Circuit Court of Harrison County against Yellow Cab and Watkins. Yellow Cab duly answered but Watkins did not, and one year later a default judgment was taken against him in the amount sued for, 150,000 dollars. Hague nonsuited as to Yellow Cab and caused a writ of garnishment to issue from that court against Liberty Mutual Insurance Company (Liberty Mutual), the appellee here, on the default judgment. Liberty Mutual removed the cause to the district court from which this appeal comes, where Sears intervened to protect its subrogation rights. A number of affirmative defenses were advanced by Liberty Mutual including fraud between the original third-party litigants, prejudicial lack of notice and failure to cooperate by its insured, limited liability and the bar of the release taken by Sears. The district court based its grant of summary judgment to Liberty Mutual solely upon the release.[4]

Section 30 of the Mississippi Workmen's Compensation Law[5] expressly provides that the acceptance of compen-

2. The payment was authorized pursuant to Section 9(i) of the original Act, which appears as § 71–3–29 of the 1972 Code and reads as follows:
Compromise, commutation, and lump sum payments.
Rules of the commission shall govern compromise payments where the prescribed schedules are not applicable and which, in its discretion, may be made in cases where it is not possible to determine the exact extent of disability, as for example in certain injuries to the back or head. The commission shall also have full authority to adjudicate the disposition of death claims. Commutation and lump sum settlement payments shall be governed by rules of the commission, and shall not be made except when determined to be in the best interest of the injured worker or his dependents, the commission having final authority in such questions.
Due obviously to an error in copying from a form of order used in another proceeding, the order here actually directs that payment be made by Ingalls Shipbuilding Corporation and American Mutual Liability Insurance Company. Both of these parties were complete strangers to this transaction. No point was made of this patent mistake in the district court or on this appeal.

3. Although the document names no specific releasee other than Sears, it purports to release every person "who may be in any manner whatsoever liable" in connection with the accident and extends to all types of claims. It concludes: "This release covers all liability of whatsoever nature, either under the Workmen's Compensation Law of the State of Mississippi, the common law or otherwise, regardless of the source of liability, obligation or exposure."
The release, considered alone, clearly would be sufficient on its face to constitute a bar of an action of the type later brought by Hague against Yellow Cab and Watkins, if properly pled therein. In view of our holding as to the limited extent of the validity of the release document itself, we do not reach the contention that even a duly approved release would not constitute a defense to the present garnishment on default judgment proceedings.

4. We similarly limit our review to that issue. We decline to rule on the district court's disposition of the other pending motions, which included a motion for summary judgment by Hague, and expressly disclaim any intimation as to the appropriate dispositions of these motions or any other facet of this cause.

5. Miss.Code Ann. § 71–3–71 (1972).

sation benefits does not affect the rights of an employee vis-a-vis third parties. It both subrogates the employer or its insurance carrier to the extent of benefits paid and confers upon such employer and carrier an independent right to initiate suit against the third party in the name of the insured. The same section further provides that, before an action is brought, any settlement of a claim against a third party shall be subject to the approval of the Commission.

■ Because a pre-suit release by a Workmen's Compensation claimant in favor of a third party tort-feasor executed without approval of the Commission is invalid under Mississippi law, Powe v. Jackson, 236 Miss. 11, 109 So.2d 546 (1959), this appeal turns not upon the terms or extent of the release, but upon whether the Commission, in approving the lump sum compromise between Hague and Sears, impliedly approved the settlement of any third-party rights of these two contracting parties as well. The district court's reliance upon Pearce v. Pierce, 214 Miss. 344, 58 So.2d 824 (1952), to give the language of the release a broad operative effect, is therefore inapposite.

To determine the construction to be given to the Commission's release approval action we must look to the proceedings in which it acted, and especially to the petition and order. Hague's claim for compensation benefits was made in MWCC file No. 70-09708. Sears' answer admitted coverage, but denied that the extent of the benefits claimed was correct. After a hearing, but before any adjudicatory action of the Attorney Referee or Commission, Hague petitioned the Commission to allow him to accept an offer of compromise from Sears. While the petition recites that Hague's auto was struck from behind by "a Yellow cab," it does not name the Yellow Cab and Car Rental of Gulfport, Mississippi or James Watkins or Liberty Mutual Insurance Company. The circumstances of the collision are otherwise unrelated, and no mention is made of the extent of Hague's injuries or disabilities. The Commission is given no basis upon which it could assess culpability or damages and no attempt is made to invoke the Commission's power to authorize a third-party release under Section 30 of the Compensation Law. The prayer sought authority only to "fully acquit and discharge said employer and carrier from any further liability because of said accidental injuries," and to "execute any and all receipts, releases, acquittances, and every instrument required by said employer and carrier to effectuate the purposes hereof." It should also be noted that the petition and order were styled as proceedings under Section 9(i),[6] the text of which relates only to settlements for compensation benefits.

The Commission's order required Sears to pay Hague the agreed sum "in full and complete discharge and release of all responsibility of said employer and carrier under the terms of the Mississippi Workmen's Compensation Act or otherwise." As previously stated, it further authorized the execution of any document required by Sears as employer and carrier "to evidence their release, acquittal and discharge herein."

In Smith v. Bush, 312 F.2d 131 (5th Cir. 1963), we negated a release to a third party given by a Mississippi Workmen's Compensation claimant, who five months previously had received Commission approval for a Section 9(i) settlement with his employer and its carrier. Since the district court in that case also relied solely upon the later third-party release, the *Smith* opinion did not have any occasion to indicate how broad the Commission's prior employer-employee approval had been. It merely held that the Commission's 9(i) employer-employee approval action could not constitute "an abdication of its jurisdiction over settlement of a negligence claim against a third party tort feasor."

---

6. *See* n. 2 above.

In Powe v. Jackson, *supra,* Justice Ethridge established that the Commission is charged with a duty to protect employees from improvident and unwise releases of third-party claims and to preserve the subrogation and indemnity rights of the employer or insurer against such parties. We refuse to attribute to the Commission either an intention to adjudicate without facts or to inadvertently approve a release which gratuitously destroyed the very rights which the Mississippi Supreme Court has declared the Commission was duty-bound to protect.

Both *Powe* and *Smith* bar any finding that the Commission impliedly sanctioned the release of third-party rights by granting authority for the employer-employee settlement in this case. Without Commission approval, even a release which unequivocally included third-party claims would be void. *A fortiori,* the release document which formed the basis for the grant of the summary judgment appealed from cannot validly affect any rights Hague may have against third parties.

Reversed and remanded.