LEE, J.,
for the Court:
¶ 1. This is an appeal from the Circuit Court of Coahoma County which granted the appellees, Essex Johnson and Mississippi Valley Gas Company, a summary judgment in a lawsuit brought against them by the appellant herein, Laura A. Whitehead. The basis for the lawsuit was for injuries incurred by Whitehead as a result of an automobile collision with Johnson, an employee of Mississippi Valley Gas Company. Johnson and Mississippi Valley *319 Gas Company filed their motion for summary judgment based on a release signed by Whitehead. Whitehead argued that the release was for property damage only and not for her personal injuries. Johnson and Mississippi Valley Gas Company argue that the release was clear and unambiguous and summary judgment was proper. Feeling aggrieved with the trial courts decision, the appellant perfected her appeal asserting the trial court committed error in granting summary judgment when a material issue of fact existed as to whether or not the release was void because it was procured by fraud, a failure of consideration, or that the consideration, if any, was grossly inadequate.
FACTS
¶ 2. This case arises from a motor vehicle collision that occurred on July 31, 1995, in Clarksdale, Mississippi, when a tractor driven by Johnson rear-ended an automobile being driven by Whitehead. At the time of the collision, Johnson was employed by Mississippi Valley Gas Company and was acting in the course and scope of his employment. As a result of the collision, Whitehead asserts she incurred damage to her automobile and injuries to herself. Whitehead received an estimate of damages to her automobile from the Hilltop Body Shop in Memphis, Tennessee, in the amount of $3983.99. Whitehead chose not to have an attorney represent her, but rather communicated with Mississippi Valley Gas Company herself. She submitted the estimate to Barbara Grant, the claims agent for Mississippi Valley Gas Company. Whitehead received medical treatment for her injuries during the month of August 1995, following the collision, including five physical therapy treatments in addition to other direct medical care, as well as emergency room treatment. She stated that as a result of the wreck she also had broken teeth and neck pain. Whitehead stated that Grant agreed to pay for her property damage and when questioned by Whitehead was assured that the release Grant asked her to sign was only for property damage and not her personal injuries. Thereafter, on August 30, 1995, Grant had Mississippi Valley Gas Company issue a check to Whitehead in the amount of $3983.99, the exact amount of the cost of repair of Whitehead’s vehicle. Whitehead then issued her personal check in the amount of $3983.99 payable to Hilltop Body Shop.
¶ 3. In December of 1996, Whitehead sought more medical treatment for her neck and accordingly informed Grant who requested that Whitehead get a letter from her treating physician stating that her medical treatment was related to the accident. Dr. Karen Harper wrote a letter to Grant on February 13,1997, stating that the treatment Whitehead was receiving was related to the accident. In a March 14, 1997 letter to Whitehead, Grant included payment for Whitehead’s insurance co-payment for medical treatment. According to Whitehead, no discussion had ever taken place wherein Grant had disavowed any liability for Whitehead’s medical treatment by asserting the release or otherwise. Whitehead was still not represented by an attorney.
¶ 4. On April 28, 1998, Whitehead filed a complaint against the appellees seeking damages for her personal injuries. On May 29, 1998, the appellees filed their answer and among other defenses, pled accord and satisfaction and that Whitehead was estopped from asserting the claims set forth in her complaint inasmuch as she had signed a full, final and complete release for all damages and injuries both property and personal. Thereafter, the appellees filed their motion for summary judgment attaching a copy of the release Whitehead had signed and Whitehead filed her affida *320 vit in opposition thereto. On January 31, 2000, the trial judge granted the appellees’ motion for summary judgment, bringing about this appeal.
ISSUE
¶ 5. The appellant raises the following issue for our review which we cite verbatim from her brief:
I. DID THE TRIAL COURT ERROR [sic] IN GRANTING SUMMARY JUDGMENT WHEN A MATERIAL OF [sic] ISSUE OF FACT EXISTED AS TO WHETHER OR NOT THE RELEASE WAS VOID BECAUSE IT WAS PROCURED BY FRAUD, A FAILURE OF CONSIDERATION, OR THAT THE CONSIDERATION, IF ANY WAS GROSSLY INADEQUATE.
DISCUSSION
¶ 6. Our standard of reviewing a trial court’s grant of summary judgment is this:
The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evi-dentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. The burden of showing that no genuine issue of material fact exists lies with the moving party, and we give the benefit of every reasonable doubt to the party against whom summary judgment is sought. We do not try issues. Rather, we only determine whether there are issues to be tried. Furthermore, it is well-settled that motions for summary judgment are to be viewed with a skeptical eye, and if a trial court should err, it is better to err on the side of denying the motion. The focal point of our de novo review is on material facts. In defining a “material” fact in the context of summary judgments, the Mississippi Supreme Court has stated that “[t]he presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense.”
Roebuck v. McDade, 760 So.2d 12 (¶ 9) (Miss.Ct.App.1999) (citations omitted).
¶ 7. Whitehead argues that summary judgment should not have been granted in that a material issue of fact remains as to whether or not the release was void because it was procured through fraud, was void for lack of consideration or was void for grossly inadequate consideration.
¶ 8. The appellees argue that the terms of the release are clear and unambiguous and interpretation of an unambiguous contract is purely a legal question and therefore properly addressed by summary judgment. They further argue that Whitehead’s allegations of fraud and/or misrepresentation are insufficient to create a genuine issue of material fact.
¶ 9. In granting the appellees’ motion for summary judgment the trial court found that “the plaintiff merely throws facts at the Court accompanying them with little argument and no authority in opposition to the defendants’ motion.” (emphasis in original). The court cited Holland v. State, 705 So.2d 307, 311[sic] (Miss.) for the proposition that “assertions of error without support from ‘reasons and authorities’ are barred from consideration.” In a criminal case, such as Holland, the party bringing an appeal is required to *321 support each allegation of error by the trial court with case law or other authority. This standard has no application to a party opposing a motion for summary judgment. As previously stated, the burden is on the moving party to show that no issue of material fact exists. Roebuck, 760 So.2d at (¶ 9).
¶ 10. The lower court was further under the misapprehension that a question of material fact would exist only if the subject release was unclear and ambiguous, citing Ellis v. Powe, 645 So.2d 947 (Miss.1994) and Willis v. Mississippi Farm Bureau, 481 So.2d 256, 258 (Miss.1985). In Willis, the court found that there was no dispute in the facts concerning interpretation of an automobile liability policy and that summary judgment was proper. In Ellis, the court found that the lower court erred in granting summary judgment where there was a dispute whether the defendant had notice of the insurance company’s claim prior to settlement and execution of a release with the company’s insured. The court stated:
Where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting a full trial on the merits. Where the record is incomplete regarding any material fact, the summary judgment motion should generally be denied.
Ellis, 645 So.2d at 950, (citing American Legion Ladnier Post 42, Inc. v. City of Ocean Springs, 562 So.2d 108, 106 (Miss.1990)). Neither of the cases cited by the court supports the court’s argument that summary judgment was appropriate in the present case. The court based its decision solely on the failure of Whitehead to produce evidence or argument to challenge the release as unclear or ambiguous. In doing so, the court based its decision on an incorrect legal standard.
¶ 11. In Willis v. Marlar, 458 So.2d 722, 724 (Miss.1984), the Mississippi Supreme Court held that the issue of whether a release was void because of “an absence of good faith and full understanding of legal rights [and the] nature and effect of instrument was misrepresented” was a question of fact for a jury. See Samples v. Hall of Mississippi, Inc., 673 F.Supp. 1413, 1417 (N.D.Miss.1987)(summary judgment denied where plaintiffs alleged that release agreements were not explained to them before signing and that they were told they would not receive severance pay unless they signed the agreements). See also Garner v. Hickman, 733 So.2d 191, 196 (Miss.1999)(“The circumstances are such that a jury should have been allowed to consider whether the so-called release was void because of an absence of good faith and a full understanding of legal rights, misrepresentation of the nature and effect of the document or lack of adequate consideration.”); Smith v. Sneed, 638 So.2d 1252 (Miss.1994)(summary judgment improperly entered on the issue of the voluntariness of the plaintiffs release); Alexander v. Myers, 219 So.2d 160 (Miss.1969); City of Meridian v. Godwin, 185 So.2d 433 (Miss.1966)(a jury question presented when employee with fourth grade education signed release that was not explained to him); Tate v. Robinson, 223 Miss. 461, 78 So.2d 461 (1955); Hackler v. Natchez & S. Ry. Co., 157 Miss. 432, 128 So. 325 (1930); Davis v. Elzey, 126 Miss. 789, 88 So. 630, affirmed on suggestion of error 126 Miss. 789, 89 So. 666 (1921) (where a release and settlement is pleaded in bar of action for personal injury, and the evidence is in conflict, as to his capacity to make an agreement, the question is for the jury, and its decision is binding).
¶ 12. In Willis v. Marlar, the supreme court reversed the grant of a directed verdict by the trial court and held that a *322 jury question was presented as to the validity of a release and whether or not the release was void because of an absence of good faith and full understanding of legal rights, whether or not the nature and effect of the instrument was misrepresented or whether there was a failure of consideration or at least grossly inadequate consideration for execution of the instrument. Willis, 458 So.2d at 724. In that case, the parties were involved in a motor vehicle accident. The Willis vehicle was damaged beyond repair and Mrs. Willis complained of neck pain and was treated at a local hospital and released. Id. at 723.
¶ 13. Mrs. Marlar’s insurance company delivered a check for $6500 representing the property damage payable to Mrs. Willis and Ford Motor Credit Company. Later, Mrs. Willis signed a release but was assured by State Farm that her medical bills would be paid. Id. State Farm refused to pay medical bills later incurred and cited the release. The release was in the amount of $6, 924, of which $6500 went to Ford Motor Credit. Id. at 724. At trial, Mrs. Marlar’s motion for a directed verdict was granted. The supreme court reversed and stated that a jury question had been created as to whether or not the release was void. Id.
¶ 14. In Alexander v. Myers, the supreme court upheld a jury award of $10,000. It found that the release obtained from the injured party, who had little more than a sixth grade education, and his 19 year old wife, was procured through fraud. Alexander, 219 So.2d at 160-63. Alexander was paid $125 to sign the release. The court held that the inadequacy of the amount paid to the appellee did not per se constitute fraud but “was a factor to be considered by the jury in determining whether or not the appellee was deceived and whether the appellee was satisfied in receiving only $125 in full and complete settlement of all his injuries, expenses, disability, pain and suffering.” Id. at 161. The court found that a clear cut issue of fact as to fraud and misrepresentation was presented by Alexander concerning the procurement of the release. Id. at 162.
¶ 15. In Tate v. Robinson, the supreme court reversed the granting of summary judgment in favor of the defendant who pled a release and held that a factual question existed as to the circumstances of procuring the release. Tate, 78 So.2d at 463. Mrs. Tate was injured in a motor vehicle accident as a result of the negligence of her son-in-law and two daughters. Id. at 461, 78 So.2d 461. Mrs. Tate was assured by the insurance agent who procured the release that she was releasing only her son-in-law and not her two daughters. Id. at 462, 78 So.2d 461. When she later sued her daughters, she found out that the release also covered them. The trial court granted summary judgment based on the release. The supreme court held that summary judgment should not have been granted and that the issue of whether or not the release should be voided should be presented to a jury. Id- at 463, 78 So.2d 461.
¶ 16. In other cases argued by the ap-pellees, the court upheld the application of releases in cases where fraud or misrepresentation was not an issue. In Houser v. Brent Towing Company, Inc., 610 So.2d 363 (Miss.1992), the supreme court affirmed the granting of summary judgment based on a written release. Houser was injured while employed by Brent Towing and executed a release for $160,000 in settlement of his claim. Id. at 363-64. He subsequently sued Brent Towing for an unpaid medical bill, arguing that despite the language of the written release that it was the intent of the parties that Brent Towing would pay all medical expenses *323 incurred prior to the payment of the settlement funds. Id.
¶ 17. In Smith v. First Federal Savings & Loan Association of Grenada, 460 So.2d 786, 786-87 (Miss.1984), the supreme court affirmed a grant of summary judgment on a counterclaim, finding that a release of a debtor from a business loan did not extend to three unrelated personal loans with respect to which the release agreement was silent.
¶ 18. In McCorkle v. Hughes, 244 So.2d 386 (Miss.1971), Pearson v. Weaver, 252 Miss. 724, 173 So.2d 666 (1965), and Pearce v. Pierce, 214 Miss. 344, 58 So.2d 824 (1952) the supreme court upheld verdicts for the defendants based on releases executed by the plaintiffs. In each case there was a bench trial and the plaintiffs were allowed to fully develop their arguments concerning the circumstances surrounding the execution of the releases. In Pearson, the court, quoting from Fornea v. Goodyear Yellow Pine Co., 181 Miss. 50, 65-66, 178 So. 914, 918 (1938), stated:
While the law recognizes that there is no method known to the law by which to make people prudent, and that experience shows that people often imprudently make contracts, including the signing of releases, yet every person must presume to know the law, and in the absence of some misrepresentation or illegal concealment of facts, the person must abide by the consequences of his contracts and actions.
In the light of the fact that people are not prudent, and may at times be unjustifiably imposed upon, this court has been liberal in reviewing the transactions where one party might have the advantage over another party in experience, knowledge, and wisdom; but in the absence of fraud, deceit, or fiduciary relations of some kind, the court cannot relieve a person from the consequence of his acts merely because he has not acted prudently or diligently about his contracts or other matters.
¶ 19. In Service Fire Ins. Co. of N.Y. v. Reed, 220 Miss. 794, 72 So.2d 197 (1954), the plaintiff argued that he was coerced into signing a release under threat of criminal prosecution. In agreeing with his argument, the supreme court “recognized that there were circumstances in which a person could be coerced into signing a release and that in such cases, releases obtained under said circumstances could be avoided.” Smith, 638 So.2d at 1261. The court in Reed looked to threat of criminal prosecution if the release was not signed, the fact that Reed was not represented by counsel when he signed, the superior bargaining position of the insurance company, and Reed’s lack of education. Id.
¶20. What all the cases make clear is that where there are allegations made as to the validity of a release due to fraud, misrepresentation, adhesion or other inequities then the case properly goes to the jury or fact finder. As stated in Smith v. Sneed, “[s]uch an approach is consistent with other decisions of this Court wherein the Court has held that, relating to releases, issues of good faith, voluntariness, and duress were questions properly submitted to a jury.” Id., citing Willis v. Marlar; City of Meridian v. Godwin; Davis v. Elzey. The court went on to say:
The rationale for these cases was explained by this Court in Kansas City, M. & B. Ry. Co. v. Chiles, 86 Miss. 361, 38 So. 498(1905). In Chiles, an employee of the railroad was injured by its alleged negligence. Although he had signed a release, the injured employee sued and won. The railroad appealed, arguing that it should have been granted a directed verdict in view of the release. In *324 holding that the lower court properly submitted the question of whether the defendant obtained the release in good faith with a full understanding on the part of the plaintiff of his legal rights to the jury, the Court stated:
No release of this nature shall be upheld if any element of fraud, deceit, oppression or unconscionable advantage is connected with the transaction. In passing on the validity of such release, when assailed, all surrounding circumstances should be fully developed, and the relative attitudes of the contracting parties clearly shown. So that the jury, in the clear light of the whole truth, may rightly decide which story bears the impress of verity.
Smith, 638 So.2d at 1261-62, quoting Chiles, 86 Miss, at 366, 38 So. at 499.
¶21. The granting of summary judgment by the trial court was error in that factual questions existed as to the circumstances of the procurement of the release. Whitehead by affidavit stated that she was advised by Mrs. Grant that the release was for property damage only and did not release any personal injury claims. Looking at the evidence presented in a light most favorable to Whitehead we cannot say that there are no material issues of fact. A material issue exists as to whether or not the release was procured by fraud or misrepresentation. Contrary to the assertions of the appellees and the lower court, Whitehead was not required to prove her case, only to show that there were issues which needed to be tried.
¶ 22. Because the court applied erroneous legal standards and in shifting the burden to the nonmoving party on motion for summary judgment, this case should be reversed and remanded for a trial on the merits.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY GRANTING SUMMARY JUDGMENT IS REVERSED AND REMANDED FOR A TRIAL ON THE MERITS. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, P.J, PAYNE, BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ, concur.
McMILLIN, C.J, dissents with a separate written opinion joined by SOUTHWICK, P.J.